# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd St. Suite 4510　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
cmulholland@faillacelaw.com

May 14th, 2018

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

　　　　　Re:　Moreno Pinzon, et al. v. Jony Food Corp. et al.
　　　　　　　Index No. 18-cv-105 (RA)

Dear Judge Abrams:

　　　This firm represents Plaintiff in the above referenced matter. I write jointly with Defendants Jony Food Corp. and individual Defendants Joaquin Castillo, Digno Castillo and Yenny S. Castillo. Defendants have agreed to settle Plaintiff's claims in the amount of $80,000.00 inclusive of attorneys' fees. The Amended Settlement Agreement is attached hereto as **Exhibit A**.

　　　Plaintiff's counsel intends to collect one-third of the settlement amount. The lodestar for Plaintiff's counsel is $5,804.00. Counsels' billing records are attached hereto as **Exhibit B**.

　　　This is a revised fairness letter that has been amended to discuss the Court's concern with the presence of a purportedly mutual general release in the prior draft of the agreement and the lack of discussion about the lodestar for Plaintiff's counsel.

## **AMENDED RELEASE**

　　　The parties have simply executed a new agreement that contains only a mutual limited release whereby the Plaintiff releases the Defendants only of all FLSA and Labor Law claims while the Defendants release Plaintiff from all claims arising from their prior employment relationship.

## **FAIRNESS**

　　　Plaintiff is due to receive $52,800.00 after attorneys' fees and costs in one lump sum payment. This sum covers 41% of the Plaintiffs back wages if the Plaintiff succeeded in proving that he was covered by the Hospitality Wage Order, that he was paid by fixed salary as opposed to an hourly rate and that he worked all of the hours he alleges to have worked.

*Certified as a minority-owned business in the State of New York*

May 14, 2018
Page 2

If Plaintiff prevailed on all issues, he would be entitled to $127,821.75 in back wages. In the interest of time and in order to avoid the risk of litigation, the Plaintiff has chosen to accept a compromise of his greatest potential recovery prior to an Answer being filed because the Defendants were willing to offer such an amount promptly and in a single payment.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiff have been represented by experienced counsel throughout this lawsuit and he has made an informed decision to settle his claims in the action at this very early stage of litigation without incurring the costs or encumbrance of lengthy litigation and trial.

The behavior of the Defendants was wise and should be encouraged in that they were prepared to offer the Plaintiff a significant sum of money – in a single payment – as early as possible in the litigation process so as to avoid forcing the parties and the Court to spend time and resources needlessly.

Here, the Plaintiff is able to obtain a potentially life changing recovery in a single payment without the burden or delay of litigation. And, this result was obtainable due to the reputation of Plaintiff's counsel and the relation Plaintiff's counsel had with Defendant's counsel.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to

May 14, 2018
Page 3

reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result on the strength of their reputation. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is a trial lawyer with Michael Faillace & Associates. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. At his second firm, he was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. Since working for Mr. Faillace, Mr. Mulholland recently won a jury verdict in a FLSA suit for over $2.2 million dollars – a record for the firm. He bills at a rate of $350 per hour.

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount. While the amount of the settlement that is going to attorneys' fees is more than the lodestar amount, " 'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). The percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation in an effort to build up a lodestar. *See* Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

May 14, 2018
Page 4

      Plaintiff's counsel contends that the settlement reached in this matter should be encouraged because Plaintiff and Defendant were able to resolve an FLSA case without needing to use Court resources.  One of the reasons that this settlement was able to be reached so quickly was due to the reputation and acumen of Plaintiff's counsel.  Permitting Plaintiff's counsel to recover a third of the settlement would adequately incentivize Plaintiff's counsel both to represent employees zealously and to take reasonable settlement offers early in litigation.

      The parties appreciate the Court's review of these documents and are available to answer any questions the Court may have regarding the fairness of the resolution of this matter.

      Respectfully Submitted,

      /s/ Colin Mulholland, Esq.

cc:    Jeffrey Schwartz, Esq.
        Attorney for Defendants