## **SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made as of the ___ day of May, 2018, between and among JOAQUIN MORENO PINZON ("Pinzon" or "Plaintiff"), JONY FOOD CORP. (d/b/a Jony Food), Digno Castillo, Joaquin Castillo and Yenny S. Castillo (collectively hereinafter referenced as "Defendants").

**WHEREAS**, on January 09, 2018, Plaintiff commenced an action in United States District Court, Southern District of New York, via the filing of a Summons and Complaint bearing index number *18-cv-00105* (the "Action"), in which he asserted various claims, against Defendants, including claims to recover alleged unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and for other alleged violations of the NYLL;

**WHEREAS**, to avoid the uncertainties and expense of future proceedings in this matter, the parties wish to further memorialize their agreement by agreeing as follows:

1. **Consideration to be provided to Plaintiff.**

In consideration for the promises made by Plaintiff set forth in this Agreement, Defendants agree to pay Plaintiff the total sum of Eighty Thousand Dollars ($80,000.00) ("the Payment"). The entire Payment will be paid within 15 calendar days of the Court's entry of an order of dismissal of the Action, with prejudice. The Payment will be in the form of a check, payable to "Joaquin Moreno Pinzon and Michael Faillace & Associates, P.C." as attorneys for Joaquin Moreno Pinzon. The checks will be delivered to Plaintiff's counsel's office, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165.

The parties agree that Plaintiff, and Plaintiff's counsel shall be solely and individually responsible for the payment of any and all taxes due on the consideration described in this

paragraph. Plaintiff agrees to indemnify and hold Defendants harmless from any and all expenses that may be incurred by Defendants due to any failure by Plaintiff to pay any taxes owed.

2. **Adequate consideration.**

Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 1 of the Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This valuable consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims, including, but not limited to, those for alleged unpaid wages, lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, emotional damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff may have in the Action.. Plaintiff expressly agrees and acknowledges that Defendants have promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by Plaintiff in the Agreement.

3. **Default**

If there is a default in making the payments set forth herein, Plaintiff and his counsel, Michael Faillace & Associates, P.C., will give Defendants written notice of said default, by sending a notice of default by fax and email to Defendants' attorneys Jeffery Schwartz, Esq., at 271 North Avenue, Suite 1011 New Rochelle, New York, 10801 Tel: (914) 637-8730 Fax (914) 637-8747. Defendants will have fourteen (14) days from receipt of such notice to cure the default. If Defendants do not cure the default within fourteen (14) days of the notice, Plaintiff and his

counsel shall have the right to enter judgment against Defendants, individually and/or jointly, in the amount of Eighty Thousand Dollars ($80,000), less any monies paid by Defendants pursuant to this Agreement at the time of default.

4. **Mutual Limited Releases**

In consideration for the payments to be provided pursuant to Paragraph 1 above, Plaintiff, for himself and for his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), except as provided in Paragraph 4, voluntarily and irrevocably release and forever discharge DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF that he were not paid overtime, minimum wage, spread of hours and/or other wages, tips, recovery of equipment costs (tools of the trade) and was not provided with wage records in connection with their employment in violation of the FLSA and the New York Labor Law. The claims released by PLAINTIFF include any and all claims against DEFENDANTS concerning PLAINTIFF'S employment with or arising from their employment with DEFENDANTS pursuant to the FLSA and the New York Labor Law which were asserted during the course of this litigation, including claims for unpaid overtime, unpaid minimum wage, recovery of equipment costs (i.e. tools of the trade), unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3), and the unlawful withholding of tips pursuant to New York Labor Law § 196-d. PLAINTIFF understands that he is releasing any and all claims asserted against

DEFENDANTS pursuant to the FLSA and New York Labor Law during the course of this litigation. The claims released include, but are not limited to, any and all allegations concerning Plaintiff's employment at Jony Food Corp., and/or concerning any wages allegedly owed by Defendants.

Defendants forever release and discharge the Plaintiff from any and all actions, causes of action, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, and demands any kind arising from the employment relationship between the parties, whether known or unknown, from the beginning of the world up to and including the execution date of this Agreement. Defendants acknowledge and agree that they intend that the disputes released and forever discharged herein be construed as broadly as possible to cover any and all disputes Defendants have or may believe to have against Plaintiff.

5. **Claims Not Released**

Notwithstanding the foregoing, Plaintiff and Defendants are not waiving or releasing: (i) any claims arising after this Agreement is executed; (ii) any claims which may arise in order to enforce this Agreement; and/or (iii) any claims or rights which cannot be waived by law.

6. **Filing of Stipulation of Dismissal**

Upon the execution of this Settlement Agreement and General Release, counsel for both parties agree to execute a Stipulation of Dismissal with Prejudice, annexed hereto as Exhibit A.

7.  **No Admission of Liability**

The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants expressly deny that the claims asserted by Plaintiff in this case have any merit whatsoever, and Defendants expressly deny they engaged in any wrongdoing of any kind with respect to Plaintiff.

8.  **No Disputes Pending or Assigned.**

Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

9.  **No Future Employment**

Intentionally Omitted.

10. **Governing Law and Interpretation**

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

11. **<u>Severability</u>**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

12. **<u>Disputes; Damages</u>**

In any dispute concerning an alleged breach of the Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

13. **<u>Advice of Counsel</u>**

Plaintiff and Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Settlement Agreement and General Release in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

14. **<u>Voluntary Agreement</u>**

The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

15. **<u>Entire Agreement</u>**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties. This is an all-inclusive Agreement and the parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them.

16. **<u>Modifications and Amendments</u>**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendants.

17. **<u>Counterparts</u>**

This Agreement may be executed in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

18. **<u>Section Headings</u>**

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

19. **<u>Waiting Period and Revocation</u>**

Plaintiff hereby acknowledges that he has been advised in writing to consult an attorney and that he was given a period of twenty-one (21) days from the date of receipt of this Agreement in which to consider the terms of the Agreement. By signing this Agreement prior to the expiration

of the twenty-one (21) days, Plaintiff specifically waives that right. Plaintiff understands and agrees that he would not be entitled to receive the consideration specified herein except for the execution of this Agreement and the fulfillment of promises and covenants that pertain to him. Plaintiff further understands that he is waiving any claim under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq.

Plaintiff may revoke this Agreement at any time during the first seven (7) days following his execution of this Agreement by notifying Jeffery Schwartz, Esq. at 271 North Avenue, Suite 1011 New Rochelle, New York, 10801 Tel: (914) 637-8730 Fax (914) 637-8747, in writing, by hand delivery or by certified mail of Plaintiff's desire to revoke this Agreement, and the Agreement shall not be effective or enforceable until the seven-day period has expired. In the event that Plaintiff revokes this Agreement, no payment will be due and owing hereunder.

Notwithstanding the foregoing, nothing in this Agreement shall be deemed to impose on Plaintiff any condition precedent, penalty or other limitation on Plaintiff's right to challenge his waiver of his claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq. or to require the return of monies other than in accordance with the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq.

## 20. <u>Acknowledgment of Full Understanding.</u>

Plaintiff acknowledges and agrees that he has fully read, understands, and voluntarily enters into this Agreement. Plaintiff acknowledges and agrees that he has had an opportunity to ask questions and consult with an attorney before signing this Agreement.

[The Remainder of this Page is Intentionally Left Blank]

WHEREFORE, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

JOQUIN MORENO PINZON

Name: _Joaquin Moreno Pinzon_

Signature: _[signature]_

Date: _5/10/18_

JONY FOOD CORP. (D/B/A JONY FOOD),

Name: _____

Signature: _Jummy Castillo_

Date: _____

DIGNO CASTILLO

Name: _____

Signature: _Digno Castillo_

Date: _____

JOSE CASTILLO a/k/a JOAQUIN CASTILLO

Name: _Jose Castillo_

10

Signature: _____

Date: _____

YENNY CASTILLO

Name: _____

Signature: *yenny castillo* (signed)

Date: _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOAQUIN MORENO PINZON,
*Individually and on behalf of others similarly situated*

                            Plaintiff,

-against-

JONY FOOD CORP. (D/B/A JONY FOOD),
DIGNO CASTILLO, JOAQUIN CASTILLO,
and YENNY S CASTILLO,
                            Defendants.
------------------------------------------------------------------X

**18-CV-105**

**STIPULATION & ORDER OF DISMISSAL**

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel of record for Plaintiff and Defendants that any and all claims asserted by Plaintiff in the above entitled action are hereby discontinued and dismissed, with prejudice, as against Defendants, without costs or attorneys' fees to any party as against another except as may be otherwise set forth in an agreement between the parties.

    Further, that the Southern District Court shall retain jurisdiction over this action solely for enforcing the terms of the agreement reached herein.

Dated: May 10, 2018
New York, NY

_____
Colin Mulholland, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165
P: (212) 317-1200
F: (212) 317-1620
*Attorneys for Plaintiff*

Dated: May 10, 2018
New York, NY

_____
Jeffrey Schwartz, Esq. (JS 1034)
271 North Avenue, Suite 1011
New Rochelle, New York 10801
P: (914) 637-8730
*Attorneys for Defendants*

SO ORDERED:

_____
THE HONORABLE RONNIE ABRAMS