USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOAQUIN MORENO PINZON, *individually and on behalf of others similarly situated*,

Plaintiffs,

v.

JONY FOOD CORP., *doing business as* JONY FOOD, JOAQUIN CASTILLO, DIGNO CASTILLO, and YENNY S CASTILLO,

Defendants.

No. 18-CV-105 (RA)

MEMORANDUM OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

In January 2018, Plaintiff Joaquin Pinzon brought this action against Defendants Jony Food Corp., Joaquin Castillo, Digno Castillo, and Yenny S. Castillo for various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The parties promptly reached agreement on all issues and settled the case. For the reasons set forth below, the Court approves their settlement agreement.

## BACKGROUND

Plaintiff worked for a deli in the Bronx called "Jony Food"—a business owned and operated by Defendants—from January 2013 until December 2017. Compl. ¶¶ 2, 15, 22 (Dkt. 1). Plaintiff alleges that he worked for Defendants for more than 40 hours per week without receiving meal breaks, the appropriate minimum wage, or overtime compensation. *Id.* ¶¶ 6, 45–48. He also alleges that Defendants did not post notices regarding overtime and wages, provide him an accurate statement of wages, give him notice of his rate of pay and other information, or keep accurate time records. *Id.* ¶¶ 49–63.

Based on these allegations, Plaintiff filed the complaint in this action in January 2018, bringing six causes of action against Defendants under federal, state, and local wage-and-hour laws. *Id.* ¶¶ 67–92. Before Defendants could appear on ECF or answer the Complaint, Plaintiff settled his claims with them for a lump-sum payment of $80,000 and sought court approval of the parties' settlement agreement. Initially, the Court denied approval without prejudice because it lacked sufficient information to assess the reasonableness of certain parts of the agreement and ordered Plaintiff's counsel to submit additional information. *See* Order (Dkt. 19). Plaintiff's counsel accordingly submitted a revised application for settlement approval with an amended settlement agreement, which are now before the Court. *See* Dkt. 22.

## LEGAL STANDARD

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 WL 3647603, at *1 (S.D.N.Y. June 29, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the

2

settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

## DISCUSSION

The Court addresses the proposed settlement agreement's total settlement amount, its release provision, and the allocation of attorneys' fees. The Court finds that each of these portions of the settlement, and the settlement as a whole, is fair and reasonable.

### A. Settlement Amount

Under the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $80,000. *See* Settlement Agreement ¶ 1 (Dkt. 22-1). Plaintiff's counsel estimates that, if Plaintiff were to prevail at trial on all issues, he would be entitled to $127,821.75 in back wages. *See* Fairness Letter at 2 (Dkt. 22). In the Complaint, Plaintiff also requests $10,000 in statutory damages for Defendants' purported failure to comply with the NYLL's notice and recordkeeping requirements and wage-statement provisions, as well as liquidated damages in an amount equal to 100% of the total minimum wage and overtime compensation shown to be due. Compl. at 16–17. These additional requests, based on the Court's calculations, could allow Plaintiff to recover up to $265,643.50 after a trial on which he prevailed on all issues. *See generally Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504–05 (S.D.N.Y. 2015). Plaintiff's counsel contends that $80,000 is a fair and reasonable settlement amount at this very early stage of the case because it will allow the parties to avoid incurring the costs, delays, and risks that would come with further litigation.

3

If a jury were to accept all the allegations in the Complaint as true, the proposed settlement amount would equal approximately 63% of Plaintiff's recoverable back wages, but only 30% of his total potential award according to this Court's calculations.  On balance, however, the relevant factors weigh in favor of approving this settlement amount.  Settling for even thirty percent of the total potential recovery is significant enough in this case to weigh in favor of approval— particularly in light of the early procedural posture of the case and the value to Plaintiff of receiving such a large lump sum without the risk and delay inherent in litigation.  *See Beckert*, 2015 WL 8773460, at \*2 (describing a 25% award as "substantial").  Other factors also weigh in favor of finding the settlement reasonable, including that the settlement appears to have been the "product of arm's-length bargaining between experienced counsel" with no evidence of "fraud or collusion."  *See Wolinsky*, 900 F. Supp. 2d at 335.  Moreover, Defendants are unlikely to have exerted "undu[e] pressure[]" on Plaintiff to settle because he no longer works for them.  *Beckert*, 2015 WL 8773460, at \*2.  For the above reasons and based on the totality of the circumstances, the Court finds that the parties' proposed settlement amount of $80,000 is fair and reasonable.

## B.  Release

Plaintiff's release of claims is also reasonable.  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage- and-hour issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

Here, Plaintiff's release—as stated in the revised settlement agreement—is limited to claims "with respect to any alleged acts occurring before the effective date of this Agreement" that also relate to him "not [being] paid overtime, minimum wage, spread of hours and/or other wages,

4

tips, recovery of equipment costs (tools of the trade)," or to him not receiving "wage records" in connection with his employment, "in violation of the FLSA and the New York Labor Law." Rev. Settlement Agreement ¶ 4. Plaintiff also releases any and all claims pursuant to the FLSA and NYLL that were "asserted during the course of this litigation." *Id.* All the released claims are related to wage-and-hour or other employee-benefits issues and are sufficiently narrow so as to survive judicial scrutiny, especially given that they were the "fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel." *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (noting that there is "nothing inherently unfair about a release of claims in an FLSA settlement" in such situations).   Thus, the Court finds that the release in the revised settlement agreement was fair and reasonable.

## C. Attorneys' Fees

Finally, the Court approves the proposed award of attorneys' fees and costs. Although the proposed agreement does not itself identify how much of the $80,000 reward will go to Plaintiff's attorneys, counsel represents that $27,200 of the settlement fund will go towards attorneys' fees and costs. Of that amount, Plaintiff requests $751 in costs, which is granted. Thus, the attorneys' fee award in this case, if approved, would be $26,449, or 33% of the total settlement fund. *See generally Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs.").

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229-30. "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should

5

be guided in any event by factors including: '(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.'" *Cionca*, 2016 WL 3440554, at *2 (quoting *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016)).  Generally speaking, "courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances." *Santos v. EL Tepeyac Butcher Shop, Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *3 (S.D.N.Y. Dec. 15, 2015).

Here, the proposed fee award is 33% of the total settlement amount.  When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015).  Even one-third awards, however, can be "simply too great" in relation to the work performed. *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve an 11.4 multiplier of the lodestar).  Although it is a close question, the settlement here falls within a reasonable range.  According to the documentation and calculations submitted by Plaintiff's counsel, their lodestar amounts to $5,053.  Even accepting the hours and fees requested by Plaintiff's counsel as accurate and reasonable, the fee award requested here has a lodestar multiplier of 5.23.  This multiplier is on the high end of those generally allowed in this Circuit, but it is not unheard of. *See Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); *see also Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed

6

'common' by courts in this District."). Assuming the multiplier here is somewhat higher than normally awarded, this Court nonetheless recognizes the importance of encouraging the swift resolution of cases like this one and avoiding "creat[ing] a disincentive to early settlement"— particularly where such settlement has provided Plaintiff with a substantial and speedy result. *See Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), WL 2016 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (quoting *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010)). The Court thus approves the proposed attorneys' fees under the percentage of the fund method.

## CONCLUSION

The Court approves the revised settlement agreement in its entirety. This action is hereby dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   May 24, 2018
         New York, New York

Ronnie Abrams
United States District Judge

7